**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 20-1020**

───────────

RENEE GALLOWAY,

        Plaintiff - Appellant,

    v.

PRIORITY IMPORTS RICHMOND, LLC, d/b/a Priority Toyota Richmond,

        Defendant - Appellee.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., Senior District Judge. (3:19-cv-00209-JAG)

───────────

Submitted: January 31, 2023               Decided: February 9, 2023

───────────

Before WILKINSON and AGEE, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Kevin A. Dillon, Leonard A. Bennett, Thomas D. Domonoske, CONSUMER LITIGATION ASSOCIATES, P.C., Newport News, Virginia, for Appellant. Michael G. Charapp, Brad D. Weiss, CHARAPP & WEISS, LLP, McLean, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Renee Galloway appeals the district court's order granting Priority Imports Richmond, LLC's ("Priority") motion to dismiss Galloway's civil action and to compel arbitration based on the court's conclusion that the parties entered into a valid, enforceable arbitration agreement. On appeal, Galloway contends that the arbitration agreement is unenforceable because it prohibited the arbitrator from awarding punitive damages. Priority argues, *inter alia*, that the parties agreed to delegate questions of arbitrability to the arbitrator and—because Galloway failed to specifically challenge the enforceability of the delegation provision—any challenge to the validity of the arbitration agreement as a whole was a question for the arbitrator, rather than the district court. We affirm, albeit on alternate grounds from the district court's reasoning.

"The question of who decides arbitrability—the court or the arbitrator—is one we review de novo." *Gibbs v. Haynes Invs., LLC*, 967 F.3d 332, 337 (4th Cir. 2020). Although there is a presumption that courts decide issues of arbitrability, *see Peabody Holding Co. v. United Mine Workers of Am., Int'l Union*, 665 F.3d 96, 102 (4th Cir. 2012), "parties can agree to arbitrate gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy," *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) (internal quotation marks omitted). Such an agreement "must clearly and unmistakably provide that the arbitrator shall determine what disputes the parties agreed to arbitrate." *Peabody Holding Co.,* 665 F.3d at 102 (cleaned up). We have explained that "[t]he 'clear and unmistakable' standard is exacting, and the presence of an expansive arbitration clause, without more, will not suffice." *Id.*;

2

*see id.* at 103 (concluding that agreement providing for arbitration of "any dispute alleging a breach of [the agreement at issue]" failed "to overcome the presumption that [the parties] intended that a court decide arbitrability"); *see also Carson v. Giant Food, Inc.*, 175 F.3d 325, 330-31 (4th Cir. 1999) (concluding that arbitrability was a question for the court when the parties broadly agreed to "arbitration to resolve disputes 'regarding the terms of this Agreement' and 'concerning the interpretation of the provisions of this Agreement'").

Here, the parties agreed "that if any Dispute (defined below) arises, except as provided in this agreement, the Dispute will be resolved by binding arbitration by a single arbitrator . . . ." (J.A. 35).* The agreement subsequently defined "Dispute" to include, as relevant here, "any question as to whether something must be arbitrated and the terms and procedures of the arbitration." (J.A. 36). Galloway contends that this language is too broad and vague to satisfy the exacting "clear and unmistakable" requirement. We disagree. Because the parties' agreement specifically defined the "disputes" that were subject to mandatory arbitration to include the threshold question of "whether something must be arbitrated," the parties "clearly and unmistakably" delegated the question of arbitrability to the arbitrator, rather than the courts.

"When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528 (2019). Although Priority argued in the district court that Galloway's challenges should be heard by the arbitrator in accordance

---

* "J.A." refers to the joint appendix filed by the parties in this appeal.

with the delegation provision, Galloway did not challenge the enforceability of this delegation provision. Accordingly, the threshold question of arbitrability was for the arbitrator to decide. *See Rent-A-Center*, 561 U.S. at 72 (explaining that when a litigant fails to "challenge[] the delegation provision specifically, we must treat it as valid" and enforce it, "leaving any challenge to the validity of the [arbitration agreement] as a whole for the arbitrator").

Accordingly, we affirm the district court's order on this alternate ground. *See Tyler v. Hooks*, 945 F.3d 159, 170 (4th Cir. 2019) (noting that we may affirm on any ground supported by the record). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*